**NEWPORT ELECTRONICS, INC.,**
**Plaintiff–Counter–Defendant–**
**Appellant,**

v.

**NEWPORT CORPORATION,**
**Defendant–Counter–**
**Claimant–Appellee,**

No. 02–7583.

United States Court of Appeals,
Second Circuit.

Feb. 24, 2003.

Thomas A. Smart, Kaye Scholer, LLP, New York, N.Y. (Richard A. Dosevo, Kaye Scholer, LLP, Peter W. Peterson LLC, Robert Curcio, DeLio & Peterson, New Haven, CT, on the brief), for Appellant.

Scott D. Baskin, Irell & Manella, LLP, (Elizabeth K. Penfil, on the brief), Newport Beach, CA, for Appellee.

PRESENT: WALKER, Chief Judge, POOLER, Circuit Judge and GLEESON,* District Judge.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 24th day of February, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Plaintiff Newport Electronics appeals from a judgment of the District Court for the District of Connecticut (Janet C. Hall, District Judge) denying its motion for a new trial pursuant to Fed.R.Civ.P.

("Rule") 59. In August 1999, plaintiff filed a complaint alleging violations of the Lanham Act (unfair competition, 15 U.S.C. § 1125(a), trademark infringement, 15 U.S.C. § 1114, and trademark dilution, 15 U.S.C. § 1125(c)), the Connecticut Unfair Trade Practices Act ("CUTPA"), *Conn. Gen.Stat.*, §§ 42–110a, *et seq.*, and Connecticut common law (unfair competition, false designation of origin, and trademark infringement and dilution). Defendant Newport Corporation filed a counterclaim for violation of the Anti–Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d)(1). After an eleven-day jury trial, the jury found for defendant on all of plaintiff's claims, and for plaintiff on the ACPA claim. Plaintiff filed a motion for a new trial, challenging the jury verdicts with respect to all of the Lanham Act claims, the common law trademark infringement claim, and the CUTPA claim. The district court denied the motion in its entirety. On appeal, plaintiff challenges the district court's decision with respect to the Lanham Act and common law infringement claims, and the CUTPA claims.

We review a district court's denial of a Rule 59 motion for abuse of discretion, except when the motion was "made on the ground that the verdict was against the weight of the evidence, [in which case] such a ruling is not reviewable on appeal." *See Baker v. Dorfman,* 239 F.3d 415, 422 (2d Cir.2000). Plaintiff challenges the district court's denial of the Rule 59 motion on several grounds. To resolve this appeal, we need only consider one of plaintiff's contentions: That the jury's verdict with respect to "likelihood of confusion" should be disregarded due to several errors at trial.

* The Honorable John Gleeson of the United States District Court for the Eastern District of New York, sitting by designation.

After instructing the jury regarding the applicable law, the district court gave the jury a special verdict form containing forty interrogatories. Question 2 required that the jury determine whether plaintiff had established "that [defendant's] use of its mark [NEWPORT] in conjunction [with its specific products] is likely to cause confusion." The jury answered "no". Plaintiff contends that the district court should have disregarded the jury's answer to Question 2 for the following reasons: (1) when read in conjunction with Question 1, Question 2 led to an unreliable jury verdict on likelihood of confusion, (2) the jury instructions with respect to likelihood of confusion were flawed, and (3) the district court's evidentiary rulings relating to likelihood of confusion were erroneous. None of these arguments has merit.

Plaintiff's first argument can be paraphrased as follows: Because in answering Question 1 the jury determined that plaintiff had not established that it was the senior user of a valid mark for the specific line of products at issue (controllers of various sorts), the jury's consideration of Question 2 (likelihood of confusion) was hypothetical and its assessment of the *Polaroid* factors "tainted." *See Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir.1961). Because plaintiff failed to object to the formulation of Questions 1 and 2, it must demonstrate "fundamental" error in order to warrant a new trial. *See Shade v. Hous. Auth. of New Haven*, 251 F.3d 307, 312 (2d Cir.2001). We find that the jury could have fairly evaluated the two marks for likelihood of confusion, while also concluding that plaintiff did not have a valid mark covering certain controller technology at the time that defendant began using the NEWPORT mark in association with its controller products. As the district court noted, the jurors were instructed to consider each element of the Lanham Act claim separately and "there is a strong presumption that the jury ... complied with those instructions." *Bingham v. Zolt*, 66 F.3d 553, 563 (2d Cir.1995). We find no reason to overcome that presumption in the instant case.

Second, plaintiff argues that the jury instructions with respect to two of the *Polaroid* factors—relevant forms of purchaser confusion and bad faith—were erroneous because the instructions lacked sufficient detail. Plaintiff objected to these instructions, but even so district courts are given wide discretion in instructing the jury, and "instruction[s] will be deemed adequate, so long as the charge, taken as a whole, is correct and sufficiently covers the case so that a jury can intelligently determine the questions presented to it." *Care Travel Co. v. Pan Am. World Airways, Inc.*, 944 F.2d 983, 996 (2d Cir.1991) (citations omitted). We find that the district court's instructions with respect to bad faith and purchaser confusion satisfy these criteria.

Third, plaintiff argues that three of Judge Hall's evidentiary rulings relevant to likelihood of confusion were in error: (1) admission of testimony by defendant's marketing expert, (2) exclusion of statements made by the Patent Trademark Office regarding one of defendant's patent applications and, (3) exclusion of a videotape proffered by plaintiff. For substantially the same reasons articulated in the district court's order denying plaintiff's Rule 59 motion, we find that none of these rulings approaches abuse of discretion *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 142, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997).

For the reasons set forth above, we find that the district court did not abuse its discretion by denying plaintiff's Rule 59 challenge to the jury's conclusion that there was no likelihood that the parties'

use of the mark NEWPORT would cause confusion. Because likelihood of confusion is a required element of plaintiff's Lanham Act and common law trademark infringement claims and, in this case, the CUTPA claim, the jury's answer to Question 2 provides a sufficient basis to affirm the district court's denial of plaintiff's Rule 59 motion in its in entirety.

Accordingly, the judgment of the district court is hereby AFFIRMED.